UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARON CICHON | : | CIVIL A. NO. 3:16-cv-1569 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROTHA CONTRACTING COMPANY, INC.; | : | |
| ROTHA CONTRACTING COMPANY, INC. | : | |
| 401(K) PLAN; and ROBERT F. THAVENIUS | : | |
|     Defendants. | : | SEPTEMBER 15, 2016 |

## COMPLAINT

Plaintiff Sharon Cichon, by and through her counsel, alleges as follows:

## BACKGROUND

1.  This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., seeking redress for defendants' failure to provide a plan participant with copies of properly requested plan documents and defendants' violation of the rights provided by the plan documents.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this matter pursuant to the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically 29 U.S.C. § 1132(e), as well as 28 U.S.C. § 1331.

3.  The venue of this matter is appropriate in this district under 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 1132(f), because the acts or omissions giving rise to the claim occurred in this district and the subject plan is administered in this district.

## BACKGROUND

4. Plaintiff Sharon Cichon is an individual who resides in Burlington, Connecticut.

5. Defendant Rotha Contracting Company, Inc. (the "Company") is a Connecticut company located in Avon, Connecticut.

6. Cichon worked for the Company from July 1998 through October 14, 2014, when she resigned her employment.

7. The Company offered employees various retirement benefits, including a 401(k) plan.

8. According to relevant documents, the 401(k) plan was known as the Rotha Contracting Company, Inc. 401(k) Plan (the "Plan"). The Plan is an "employee benefit plan," as that term is defined in 29 U.S.C. § 1002.

9. The Plan became effective in January 2011.

10. The Summary Plan Description identifies the Company as the Plan Administrator, as that term is defined in 29 U.S.C. § 1002.

11. During her employment at the Company, Cichon was eligible to and did contributed to the Plan from her paychecks. Cichon was therefore a "participant," as that term is defined in 29 U.S.C. § 1002.

12. Pursuant to the Plan, Cichon was also eligible for and consistently received a safe harbor match from the Company for each contribution she made, up to 4% of her compensation.

13. In October 2014, Cichon resigned from the Company.

14. In connection with her separation from employment, Cichon received a severance payment from the Company. At that time, Cichon wished to allocate a large portion of the

2

severance payment as a contribution to the Plan, and requested that the Company make its matching contribution.

15. The Company refused to permit Cichon to make the contribution to the Plan, and therefore also refused to make the matching contribution. The Company informed Cichon that the Plan documents did not entitle her to make the contribution or receive the 4% safe harbor match because she was a terminated employee receiving a severance payment.

16. At the time, Cichon accepted the Company's explanation.

17. Several months later, Cichon learned that the Plan documents actually entitled her to make the contribution and receive the 4% safe harbor match.

18. On July 27, 2015, Cichon delivered a letter to the Company, through her counsel, as the Plan Administrator, requesting copies of certain documents related to the Plan (the "July Letter"). More specifically, in the July Letter, Cichon's attorney requested that she be provided with:

    a.    Copies of all documents governing the operation of the Plan;

    b.    Copies of the latest annual report (Form 5500 Series);

    c.    Copies of the updated Summary Plan Description;

    d.    Copy of the 2014 Census Report;

    e.    Summary of the Plan's annual financial report; and

    f.    Statement showing the amounts credited to Cichon's account under the Plan; and

    g.    The statement and/or explanation of benefits Plan participants were entitled to upon their separation from the Company that was in effect at the time Cichon was employed by the Company.

19. The Company did not produce documents in response to the July Letter.

20. On August 3, 2015, Cichon, through her counsel, notified the Company that she was making a claim for the matching contribution, plus interest and costs, in the amount of $1144.80 (the "August Letter"). Cichon also requested a copy of the system log/log viewer that showed the system activity related to her payroll setup in the Company's accounting software. The Company did not respond to the August Letter.

21. On December 28, 2015, Cichon, through her counsel, delivered a second letter to the Plan Administrator, inquiring as to the status of her claim for benefits and again requesting copies of documents related to the Plan (the "December Letter").

22. On February 12, 2016, the Company finally produced some documents responsive to Cichon's requests.

23. To date, the Company has refused to produce documents relevant to the operation of the Plan and specifically requested by Cichon, including: the 2014 Census Report; a full statement of Cichon's contributions to the Plan; a statement of the benefits to which separated employees were entitled at the time of Cichon's resignation; and the actual Plan document in effect at the time of Cichon's resignation.

24. Under the terms of the Plan, the Company was required to grant or deny Cichon's claim for benefits within 90 days of receiving her claim unless the Company notified her that an extension of time was required due to "special circumstances." Cichon was never notified of any "special circumstances" requiring an extension of time.

25. To date, the Company has never responded to Cichon's claim for benefits, set forth in the August Letter, or to her counsel's follow-up communications regarding her claim, including the December Letter.

26. The Company's refusal to even communicate about Cichon's claim for benefits, let alone to issue a decision on that claim, coupled with its refusal to provide copies of the requested Plan documents, was unreasonable.

27. Because the Company did not follow reasonable claims procedures, Cichon's administrative remedies are deemed exhausted pursuant to 29 C.F.R. § 2560.503-1(*l*).

28. Service of this complaint will be made on the U.S. Secretary of Labor and the U.S. Secretary of Treasury, pursuant to 29 U.S.C. § 1132(h).

## COUNT ONE:
### (Against Defendant Company to Recover Penalty for Failure to Provide Requested Documents)

1.-28. Cichon incorporates and realleges by reference paragraphs 1 through 28, inclusive, as if fully set forth herein.

29. ERISA requires the Plan Administrator to comply with written requests from participants and beneficiaries seeking copies of Plan documents within 30 days, pursuant to 29 U.S.C. § 1132(c)(1).

30. The Company did not comply with Cichon's requests for documents under which the Plan was established or operated, pursuant to 29 U.S.C. § 1024(b)(4) – and in fact has refused to even produce the most basic actual Plan document.

31. Upon information and belief, the Company did not produce these documents because they will support Cichon's claim for benefits by showing that the governing Plan documents at the time of her separation entitled her to receive a matching contribution for every contribution she elected to make to the Plan, up to 4% of her total compensation – including any contribution she elected to make in connection with her severance payment.

32. The Company has refused and continued to refuse, in bad faith, to provide Cichon with documents under which the Plan was established or operated, in violation of 29 U.S.C. §§ 1024(b)(4) and 1132(c).

33. The Company's refusal to fully comply with its obligations with respect to document requests made by Plan participants has prejudiced Cichon's efforts to safeguard her retirement contributions and to guard against breaches of fiduciary duty.

34. In accordance with 29 U.S.C. § 1132 and 29 C.F.R. 2575.502c-1, Cichon is entitled to an order requiring the Company to produce the documents, as well as recovery of a civil penalty of up to $110 for each day the Company has refused and failed to deliver copies of the requested documents, commencing 30 days after July 27, 2015.

## COUNT TWO:
### (Against Defendant Thavenius for Breach of Fiduciary Duty)

1.-34. Cichon incorporates and realleges by reference paragraphs 1 through 34, inclusive, as if fully set forth herein.

35. The Summary Plan Description names Company president Robert F. Thavenius as the Trustee.

36. Thavenius is a named fiduciary of the Plan, as that term is defined in 29 U.S.C. § 1102(a), and has served in that role since January 2011.

37. Thavenius is also a fiduciary of the Plan pursuant to 29 U.S.C. § 1002, because as the individual controlling the Company, which is the Plan Administrator, he exercises discretionary authority and control with respect to the management and administration of the Plan and the management or disposition of the Plan's assets.

38.     As Trustee, Thavenius was obligated to act solely in the interests of the Plan participants and beneficiaries, and to operate the Plan prudently and for the exclusive benefit of its participants and beneficiaries.

39.     Instead, Thavenius violated his fiduciary duties by interfering with Cichon's rights under the Plan. As described herein, Thavenius, either directly or by instruction to Company representatives, refused to permit Cichon to contribute to the Plan out of her severance payment; deprived Cichon of the matching contribution she would have received had she been permitted to contribute; refused to provide copies of Plan documents to Cichon when requested; and refused to even respond to Cichon's claim for benefits under the Plan.

40.     Thavenius violated ERISA's mandate that fiduciaries discharge their "duties with respect to a plan solely in the interest of the participants and beneficiaries and for (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; . . . (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; . . . and (D) in accordance with the documents and instruments governing the plan . . . ." 29 U.S.C. § 1104(a)(1). Instead, he denied Cichon benefits provided by the Plan in order to save the Company money by illegally avoiding the obligation to make a matching contribution.

## COUNT THREE:
### (Against Defendant Company for Appropriate Equitable Relief)

1.-40.  Cichon incorporates and realleges by reference paragraphs 1 through 40, inclusive, as if fully set forth herein.

41.     The Plan authorized Cichon to make a contribution out of severance payment, and Cichon requests, pursuant to 29 U.S.C. Section 1132(a)(2) and (a)(3), appropriate equitable

7

relief, including a declaration that Cichon was entitled to make such a contribution to the Plan out of her severance payment and an order that she now be permitted to do so.

42. The Plan authorized Cichon to receive a matching safe harbor contribution from the Company upon her termination, and Cichon requests, pursuant to 29 U.S.C. Section 1132(a)(2) and (a)(3), appropriate equitable relief, including a declaration that Cichon was entitled to such matching contribution, as well as an order of restitution and/or the imposition of a constructive trust in Cichon's favor.

43. The Plan required the Company to respond to Cichon's claim for benefits by granting or denying it within 90 days, and the Company failed to do so. Accordingly, Cichon requests, pursuant to 29 U.S.C. Section 1132(a)(2) and (a)(3), appropriate equitable relief, including an order that the Company grant Cichon's request for benefits, as well as an order of restitution and/or the imposition of a constructive trust in Cichon's favor.

## COUNT FOUR:
### (Against the Plan and the Company for Benefits Denied)

1.-43. Cichon incorporates and realleges by reference paragraphs 1 through 43, inclusive, as if fully set forth herein.

44. The decision to deny Cichon's administrative claims for payment of the matching safe harbor contribution is not supported by substantial evidence and is unreasonable.

45. Cichon was wrongfully denied benefits to which she is entitled under the terms of the Plan, and those benefits should be paid together with prejudgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Cichon seeks:

1.      An order requiring the Company to produce to Cichon copies of the requested documents;

2.      A civil penalty in the amount of $110 per day against the Company, pursuant to 29 U.S.C. § 1132(c);

3.      A declaration that Thavenius failed to discharge his fiduciary duties to act solely in the interests of the participants and beneficiaries of the Plan, in violation of 29 U.S.C. § 1104(a);

4.      An order granting Cichon appropriate equitable relief allowable under 29 U.S.C. §§ 1132(a)(2) and (a)(3), including:

    (a)    an injunctive order directing that the Company promptly disclose the requested Plan documents;

    (b)    a declaration that Cichon was authorized to make a contribution to the Plan out of her severance payment;

    (c)    an order that Cichon now be permitted to make that contribution;

    (d)    a declaration that Cichon was entitled to receive a matching safe harbor contribution from the Company upon her termination; and

    (e)    an order of restitution and/or the imposition of a constructive trust in Cichon's favor;

    (f)    an order that the Company indemnify Cichon against any tax liability associated with remedying defendants' violations of ERISA;

5. A declaration that the Company wrongfully denied Cichon benefits to which she is entitled under the terms of the Plan, and an order that Cichon's request for benefits be granted, together with prejudgment interest;

6. Reasonable attorney's fees and costs of the action, pursuant to 29 U.S.C. § 1132(g)(1); and

7. Such other and further appropriate equitable relief as the Court may deem just and proper.

        PLAINTIFF
        SHARON CICHON
        BY HER ATTORNEY

        By:   /s/ Emily A. Gianquinto
        Emily A. Gianquinto (ct27846)
        EAG Law LLC
        437 Naubuc Avenue, Suite 107
        Glastonbury, CT 06033
        Tel: (860) 785-0545
        Fax: (860) 838-9027
        emily@eaglawllc.com